[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORAMUM OF DECISION
This case involves an application by the plaintiff property owners to discharge or reduce two mechanic's liens which have been placed on their property. The court heard evidence on this application on May 8 and May 9, 2000.
The first of these liens was placed on the property by Mark R. Edwards d/b/a in the amount of $14,000. Mr. Edwards was a general contractor who had entered into a written contract with the plaintiffs to perform extensive renovation work on the plaintiffs' home. This contract was in the amount of $32,000. Extra work agreed upon orally during the performance of the contract totaled $3,700. Edwards has been paid $22,000. The job was never fully completed because of a dispute between the parties. The cost of completion of the contract is approximately $1,100, therefore leaving a balance claimed to be due on the contract of $12,600.
The second lien was filed by Robert A. Ronshagen, d/b/a in the amount of $7,000. Ronshagen was hired by Edwards to perform certain heating and air conditioning work. The contract between Ronshagen and Edwards was oral and Ronshagen had no contract of any type with the plaintiffs. The oral contract between Edwards and Ronshagen called for a payment of $7,000. Ronshagen has completed his obligations under the contract, except for some minor start up work, valued at $65.00, which he has been unable to do because of the dispute referred to above. Ronshagen has been paid nothing.
General Statutes § 49-35b sets forth the burdens of proof that apply to a hearing held on an application to discharge or reduce a mechanic's lien. Initially the lienor is required to establish that there is probable cause to sustain the validity of the lien. If the court finds such probable cause then the burden shifts to the movants to show by clear and convincing evidence that the lien is invalid and should be discharged or that it is excessive and should be reduced.
The court is of the opinion that Edwards has proven that his lien fully satisfies the requirements set forth in General Statutes § 49-34
concerning the filing of a valid lien. His problem arises in connection with the contract he has with the plaintiffs. In order for the lien to be valid, the contract, which is the basis for the lien, must be enforceable, and to be enforceable, it must satisfy certain statutory requirements. The contract is a home improvement contract and therefore it must comply with § 20-418 of the General Statutes, known as the Home Improvement Act (HIA), and specifically § 20-429 (a) of the HIA which provides in subsection (6) that to be valid or enforceable against an owner the contract must contain a notice of owner's cancellation CT Page 6921 rights as provided in Chapter 740 of the General Statutes. Chapter 740, known as the Home Solicitation Sales Act, proscribes in § 42-135
(a)(2) the nature and contents of a notice of cancellation. In addition § 20-429 requires that each change in the terms and conditions of the contract must be in writing and shall be signed by the owner and contractor. The contract between the plaintiffs and Edwards is not in compliance with the statutory requirements in that it does not contain a cancellation clause, and the extras claimed by Edwards do not appear to have been signed for by the plaintiffs. The contract is unenforceable and Edward's lien is invalid. See Wadia Enterprises, Inc. v. Hirschfield,224 Conn. 240, 247-48 (1992); Barrett Builders v. Miller, 215 Conn. 316,328 (1990). The motion to discharge the lien of Mark R. Edwards d/b/a is granted.
Mr. Ronshagen has shown probable cause as to the validity of his mechanic's lien. The lien was filed properly and timely, and the evidence indicates that it satisfies the requirements of § 49-34 of the General Statutes. Mr. Ronshagen performed his work on, and supplied material for, the plaintiffs' property under an oral contract with Edwards, the general contractor.
The plaintiffs make several claims with respect to the Ronshagen lien, claiming it is invalid and/or excessive. These claims are without merit.
The first claim is that since Edwards abandoned the job without completing his obligations under his contract with the plaintiffs and, therefore, since the subcontractor can recover only to the extent that the contractor can recover, Ronshagen cannot recover and his lien is invalid. The short answer to this claim is that the court finds that Edwards did not abandon the job.
The second claim made by the plaintiffs is that since Edward's lien is invalid under the HIA, then his subcontractor cannot claim a lien. The law is clear that the HIA does not apply to subcontractors, and the invalidity of a contractor's lien because it violates the HIA has no bearing on the validity of the subcontractor's lien. See O'Donnell v.Rindfleisch, 13 Conn. App. 194, 195 (1988); Meadows v. Higgins,49 Conn. App. 286 293 (1998).
The remaining two claims made by the plaintiffs in their efforts to show the invalidity of Ronshagen's lien may be considered together. These are that the plaintiffs "never consented" to the filing of Ronshagen's lien and that his lien is invalid because he did not have a written contact with Edwards. General Statutes §§ 49-33 and 49-35, by their language refutes these claims, and the Supreme Court in Seaman v. ClimateControl Corporation, 181 Conn. 592, 594-96 (1980) has held contrary to CT Page 6922 the plaintiffs' claims. These claims are without merit.
The plaintiffs' claims with respect to excessiveness of the Ronshagen's lien appear to rely on their claim that Edwards either abandoned the job or that Ronshagen's services were worth only $5,200. The plaintiffs have failed to prove either of these claims.
Accordingly, for the reasons set forth above, the motion to discharge or reduce the two mechanic's liens is granted as to the lien filed by Mark Edwards, d/b/a and denied as to the lien filed by Robert Ronshagen, d/b/a.
William L. Hadden, Jr. Judge Trial Referee